IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA ANNE CLARK | : | CIVIL ACTION |
| | : | |
| v. | : | NO.   24-2970 |
| | : | |
| HOSPITAL UNIVERSITY | : | |
| PENNSYLVANIA, PENN MEDICINE | : | |
| ORTHOPEDICS, BETTY S. ADLER | : | |

## MEMORANDUM

**MURPHY, J.**                                                                                          **November 4, 2024**

Plaintiff Barbara Ann Clark brings claims against defendants Hospital of the University Pennsylvania, Penn Medicine Orthopedics, and Attorney Betty Alder for injuries resulting from defendants' treatment of her foot injury.  Though we are sympathetic to the challenges of bringing a lawsuit as a *pro se* litigant, we cannot exercise jurisdiction over a state medical malpractice claim between citizens of the same state.  Because we do not have subject-matter jurisdiction over Ms. Clark's claims, we grant Penn's motion to dismiss.

I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Ms. Clark, proceeding *pro se*, filed a complaint against Hospital of the University of Pennsylvania, Penn Medicine Orthopedics, and Betty Alder[1]  (collectively "Penn") for "medical

---

[1] In the civil cover sheet attached to her complaint, Ms. Clark lists Attorney Alder as the attorney for defendants, not a defendant herself.  DI 1 at 7.  The complaint does not allege any facts involving Attorney Alder.  It is our understanding that Ms. Clark did not intend to name Attorney Alder as an individual defendant in this matter.  Nonetheless, because Attorney Alder is listed in the case caption of Ms. Clark's complaint and on the public docket as a defendant, we include her as a defendant for purposes of this motion to dismiss.

1

malpractice negligence." DI 1.² Because we are reviewing a facial challenge to subject-matter jurisdiction on a motion to dismiss, we accept Ms. Clark's allegations as true.

Ms. Clark states that she is a resident of Coatesville, Pennsylvania. *Id.* 1, 6. She alleges that Penn's address is 2929 Walnut Street in Philadelphia, Pennsylvania. *Id.* at 1. According to Ms. Clark, she visited a Penn Medicine facility in December 2018 for medical care for her left foot. DI 1 at 2. A Penn Medicine orthopedist, Dr. O'Connor, reviewed x-rays of Ms. Clark's foot and applied a cast. *Id.* On February 15, 2019, she visited the Chester County location of Penn Medicine Orthopedics and told another provider, Greg Rannalli, that she "was still having pain in the middle part of [her] foot." *Id.* Despite her pain, Mr. Rannalli removed the cast and gave her a prescription for physical therapy. *Id.* On May 29, 2019, she went to the "Chester County Emergency room" with unbearable pain in her foot and received x-rays. *Id.* She then received an MRI from Premier Orthopedic that showed three ligament tears with "complications." *Id.* She had a "5th masteral sprain" of her left foot that progressed to "peroneal tendinitis" due to "overuse" of an "ankle sprain not healed." *Id.*

Ms. Clark states that the only way to repair a "grade 3" ligament tear is surgery. *Id.* In March 2021, she attended an appointment with Penn Medicine surgeon Dr. Wen Choa, who suggested that Ms. Clark wear an "AZ brace." *Id.* The brace was "defective," made by staff who "didn't' seem to have the medical credentials" to properly size her foot, and "disfigured," so she could not wear it. *Id.* at 2-3. Ms. Clark saw Dr. Choa again in 2022 and complained about her ongoing symptoms. *Id.* at 3. Dr. Choa reviewed ultrasound results and told Ms. Clark that "it was critical," and she needed surgery. *Id.*

---

² We adopt the pagination supplied by the CM/ECF docketing system.

Ms. Clark alleges that the surgery was performed in an "unsafe environment at the old Penn medicine hospital located on Spruce [S]treet," as opposed to "the new Penn Medicine Hospital on 1 Convention Ave." *Id.*  The surgery resulted in nerve damage and infection at the incision site.  *Id.*  Dr. Choa removed Ms. Clark's stitches at her second post-operation appointment, but "incision cleaning was not done." *Id.*  The incision site showed "signs of infection," but Dr. Choa did not order antibiotics.  *Id.*  Despite Ms. Clark's complaints that her foot was still leaning towards the left, Dr. Choa did not order radiology or lab tests.  *Id.*

A few months after surgery, Ms. Clark visited a neurologist who performed an "EMG" test of her left foot "due to odd sensation feeling at [the] surgical site." *Id.* at 4.  She was diagnosed with CRPS chronic regional pain syndrome, tarsal tunnel syndrome, and hyperpathia and allodynia, as well as "denervation from post-surgery operation." *Id.*  These conditions are "caused by surgery injury." *Id.*  She is now in a wheelchair and is receiving physical therapy. *Id.*

Ms. Clark claims that Penn physicians' delayed diagnosis, delayed treatment of surgery, and post-surgical treatment constituted medical malpractice.  *Id.* at 1, 3.  She claims that Penn hospital is liable for their providers' negligence.  *Id.* at 4.  She requests compensatory and punitive damages in the amount of $100,000,000 (one-hundred million dollars).  *Id.* at 5.

Penn filed a motion to dismiss Ms. Clark's complaint.  DI 6.  We held oral argument on the motion on October 25, 2024.  DI 12.  Penn's primary argument is that Ms. Clark's complaint should be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1).  DI 6-1.  Penn argues that Ms. Clark fails to plead that her medical malpractice claim arises under federal law, *id.* at 4, and that she fails to establish complete diversity of citizenship between herself and

3

defendants, *id.* at 5.³  *Id.*  In response, Ms. Clark states that she answered questions about subject-matter jurisdiction in the civil cover sheet attached to her complaint.  DI 7 at 2.

## II.     STANDARD OF REVIEW

Rule 12(b)(1) allows a party to move to dismiss a case based on a lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A facial challenge pursuant to Rule 12(b)(1) "considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court."  *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).  When reviewing a facial challenge to subject-matter jurisdiction, we must determine "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court."  *Batchelor v. Rose Tree Media School Dist.*, 759 F.3d 266, 271 (3d Cir. 2014) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).  Ms. Clark is proceeding *pro se*, so we must construe her allegations liberally.  *See Walthour v. City of Philadelphia*, 852 Fed. App'x 637, 639 (3d Cir. 2021).  Nonetheless, if we determine at any time that we lack subject-matter jurisdiction, we must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).

## III.    DISCUSSION

Ms. Clark's complaint does not raise a federal question or invoke this court's diversity jurisdiction.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkenen v. Guardian Life Ins. Co. of America*, 511

---

³ Penn also argues that the complaint should be dismissed under Rule 12(b)(6) because the allegations lack factual specificity.  DI 6-1 at 5.  In response, Ms. Clark argues that she has proven the elements of medical malpractice in her complaint.  DI 7 at 2.  Because we dismiss for lack of subject-matter jurisdiction, we do not reach this argument.

U.S. 375, 377 (1994). A federal district court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It has diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a).

Ms. Clark's complaint does not raise a federal question. A party asserting federal question jurisdiction must satisfy the well-pleaded complaint rule, "which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Global Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9-11 (1983)). "[A] well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

In the civil cover sheet attached to her complaint, Ms. Clark checks the box for the "federal question" basis for jurisdiction. DI 1 at 7. Yet the complaint itself does not cite or refer to any federal law. Rather, the complaint appears to assert state law medical malpractice claims against Penn. The complaint is labeled a "Medical Malpractice Complaint," DI 1 at 1, and it repeatedly refers to negligence and medical malpractice, *id.* at 1, 4-6. All of Ms. Clark's allegations concern negligent treatment of her foot injury. *See* DI 1. On the face of the complaint, Ms. Clark has not established that her claims arise under federal law. *See Jones v. Mirza*, 685 Fed. App'x 90, 91-92 (3d Cir. 2017) (finding no federal question jurisdiction over a *pro se* plaintiff's medical negligence claims).

We also lack diversity jurisdiction over Ms. Clark's claims. "[Diversity] [j]urisdiction under § 1332(a) requires complete diversity, meaning that no plaintiff can be a citizen of the

5

same state as any of the defendants." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (internal quotations omitted).  Though Ms. Clark asserts an amount in controversy greater than $75,000, it appears from the complaint that both Ms. Clark and Penn are citizens of Pennsylvania.  Ms. Clark states that she resides in Coatesville, Pennsylvania.  DI 1 at 1, 6.  She lists the address for Penn defendants as 2929 Walnut Street in Philadelphia, Pennsylvania.  *Id.* at 1.  The medical care at issue was allegedly performed at Penn "medical facilities" in Philadelphia, Penn Medicine Orthopedics in Chester County, and the "old Penn [M]edicine hospital" on Spruce Street in Philadelphia — all locations within Pennsylvania.  *Id.* at 2-3.  Ms. Clark does not allege that Penn is a citizen of any state other than Pennsylvania.  Without complete diversity between the parties, we cannot exercise diversity jurisdiction.  *See* 28 U.S.C. § 1332.  Accordingly, because we lack subject-matter jurisdiction over Ms. Clark's claims, dismissal is required.

### IV.    CONCLUSION

For the foregoing reasons, we grant Penn's motion to dismiss pursuant to Rule 12(b)(1).  Ms. Clark's claims against Hospital of the University of Pennsylvania, Penn Medicine Orthopedics, and Betty Alder are dismissed for lack of subject-matter jurisdiction.